■ TOWN OF EVANS, Respondent, v ROBERT R. CATALINO, Appellant. TOWN OF EVANS, Respondent, v AETNA INSURANCE COMPANY, Appellant. — Order entered December 18, 1979 unanimously affirmed; judgment entered September 10, 1980 unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for trial on the issue of damages only, in accordance with the following memorandum: This appeal is upon a statement in lieu of record on appeal (CPLR 5527) and the submitted facts present issues of the validity of the creation of certain Town of Evans capital reserve funds and the liability, if any, to be imposed upon a town supervisor for transferring moneys from such reserve funds to the town's general funds for payment of the town's ordinary obligations. Special Term succinctly stated the relevant facts as follows: "The Town of Evans had two funds entitled 'Capital Reserve Fund for Recreation Commission: Recreation Site Acquisition Fund' and 'General Capital Reserve Fund,' which funds had been duly established by resolution of the Evans Town Board pursuant to section 6-c of the General Municipal Law and section 55 of the Town Law. Two additional accounts had also been created without resolution by the town board and these were denoted 'Capital Reserve Fund: Recreation' and 'Capital Reserve Fund: Highway and Water Building.' Defendant Catalino served as Supervisor of the Town of Evans from January 1, 1970 to December 31, 1977. On April 20, 1976 he transferred $2,000 from the 'Recreation Site Acquisition Fund' to the 'General Fund (Recreation).' On December 2, 1976 he made two transfers out of the 'Capital Reserve Fund: Recreation.' One diverted $5,000 to the 'General Fund,' and the second diverted $15,000 to the 'General Part Town Fund.' On December 16, 1976 defendant transferred $50,000 from the 'Capital Reserve: Highway and Water Building' to the 'General Fund.' On the same date he transferred $95,000 from the 'General Capital Reserve Fund' to the 'General Part Town Fund.'" (*Town of Evans v Catalino,* 103 Misc 2d 261, 262-263.) It is agreed on appeal that all the moneys so transferred were expended, with town board approval, to meet the ordinary, but legitimate, obligations of the town. It clearly appears that if the transfers had not been made the town would have been required to borrow such amounts in order to pay its obligations. Under sections 55 and 55-c of the Town Law, and section 6-c of the General Municipal Law, the expenditure of moneys from a reserve fund for

ordinary town purposes or for a purpose other than that for which the fund was created is prohibited. The town brought suit against defendant and his surety, Aetna Insurance Company, seeking an accounting, a surcharge of defendant Catalino in the amount of $167,000, the total of the claimed illegal transfers, plus interest, and the imposition of a civil penalty against Catalino. By order entered December 18, 1979, Special Term granted the town's motion for summary judgment against both defendants to the extent of awarding to the town the amount of interest lost from the date of each transfer to December 31, 1977, on condition that the town restore to the capital funds the amounts transferred within one year from the entry of the order, and the court retained jurisdiction of the case. Special Term also directed that upon payment under its surety bond, defendant Aetna have summary judgment against defendant Catalino for indemnification. The town having restored the amounts transferred, an order and judgment was entered September 10, 1980, awarding the town $10,510.69, representing interest on the withdrawals in question from the date of each withdrawal to December 31, 1977, the date on which defendant Catalino left office. Both defendants appeal. They contend: (1) that the reserve funds in question were never validly established as reserve funds; (2) that even if these funds were validly created, the transfers therefrom were loans to the town and authorized by section 6-f of the General Municipal Law; and (3) since the transfers saved the town the necessity of borrowing money elsewhere, the town suffered no damage. For the reasons stated in the opinion at Special Term (*Town of Evans v Catalino,* 103 Misc 2d 261, *supra* [Denman, J.]), we find no merit to either of the first two issues. We agree that two reserve funds were lawfully created by board resolution and that defendant Catalino should be estopped from contesting the validity of the two other reserve funds which Special Term properly found were *de facto* reserve funds. We also agree that whether the transfers were treated by defendant Catalino as loans to the town has no effect upon the clear illegality of the transfers. We add only that in any event these transfers may not be characterized as lawful investments of reserve funds within the meaning of section 6-f of the General Municipal Law. While we agree that defendant Catalino breached his fiduciary obligations and thus incurred liability to the town, we do not adopt the measure of damages employed by Special Term in granting summary judgment. There must be a trial on the issue of damages only. The members of the town board, including defendant Catalino, are by statute made "trustees of such funds * * * subject to all the duties and responsibilities imposed by law on trustees" (General Municipal Law, § 6-c, subd 11; Town Law, § 55-c, subd 5). It is fundamental that a fiduciary must make whole the beneficiary of the trust for any damage resulting from a breach of the fiduciary's duty (see, e.g., *Matter of Rothko,* 43 NY2d 305, 322). The appropriate measure of damages requires putting the beneficiary "in the same condition in which he would have been if the wrong had not been committed and the trustee had done his duty" (Bogert, Trusts and Trustees [2d ed rev], § 701, p 198). Subdivision 7 of section 6-c of the General Municipal Law provides that "[a]ny interest earned or capital gains realized on the moneys so deposited or invested [as capital reserve funds] shall accrue to and become part of each such fund". It is undeniable here that interest income was lost to the funds as a result of the fiduciary's breach of duty in transferring moneys from the funds in violation of statute. It is, however, the plaintiff town, and not the funds, which is the beneficiary of the trusts and the stipulated record is inadequate to assess the town's damages. What must be shown is the rate of interest that could have been earned by the funds and the rate of interest that the town, if required to borrow the money, would have had to pay, the excess of the former over the latter being the measure of damages for each

transaction. Each of the five transactions was discrete, and defendant Catalino is liable to the town for the amount of damages sustained as the result of each transfer, without offset by any saving to the town resulting from any other transfer (see Bogert, Trusts and Trustees [2d ed rev], § 708). (Appeals from order and judgment of Supreme Court, Erie County, Denman, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.